UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Altrovise D. Glenn,                                    Case No. 3:13-cv-01090

        Petitioner

v.                                                     ORDER

John Coleman,

        Respondent


Before me is the Report and Recommendation of Magistrate Judge Greg White recommending denial of Petitioner Altrovise Glenn's action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 25). Magistrate Judge White recommends I deny Glenn's habeas petition, (Doc. No. 1), as well as his motions for leave to file a motion for a stay and abeyance, and to amend his habeas petition to state new claims. (Doc. Nos. 18, 20).

Under the relevant statute, "[w]ithin fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1); *United States v. Campbell,* 261 F.3d 628 (6th Cir. 2001). The failure to file written objections to the Magistrate Judge's report and recommendation constitutes a waiver of a determination by the district court of an issue covered in the report. *Thomas v. Arn*, 474 U.S. 140 (1985); *see also United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). The purpose of these written objections is "to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately'" while "focus[ing] attention on those issues – factual and legal – that are at the heart of the parties' dispute." *Kelly v. Withrow*, 25

F.3d 363, 365 (6th Cir. 1994) (quoting *Walters*, 638 F.2d at 950, and *Arn*, 474 U.S. at 147). After receiving an extension of time, Glenn filed his "objection to Report and Recommendation." (Doc. No. 29).

A petitioner must make specific objections to a magistrate's report in order to preserve his claims for appellate review. *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). These objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

Glenn did not offer specific objections to Magistrate Judge White's Report and Recommendation. Instead he offered "his Objection to [the Magistrate Judge's] report and Recommendation . . . [requested] this court deny [the] Report and Recommendations," and also "[brought] objection to [the] Magistrate [Judge's] Report And Recommendation." (Doc. No. 29 at 1, 6). Glenn did not discuss any of the Magistrate Judge's conclusions or recommendations while reasserting his arguments regarding tolling of the statute of limitations and the merits of his claims. Habeas petitioners who argue the merits of a claim but fail to challenge a magistrate judge's recommendations fail to meet the specific objection requirement. *See Miller*, 50 F.3d at 380 (affirming district court's conclusion that objections disputing the correctness of the magistrate judge's conclusion but failing to specify which findings were erroneous constituted general objections and consequently a failure to object); *Drew v. Tessmer*, 36 F. App'x 561, 561 (6th Cir. 2002) (same). Glenn's filing is a general objection and has the same effect as a failure to object. *Howard*, 932 F.2d at 509.

Following review of the Magistrate Judge's Report and Recommendation, I adopt the Report and Recommendation in its entirety as the Order of the Court. Glenn's motion for leave to amend his habeas petition, his motion for application of the stay and abeyance procedure to his petition, and his petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, each are denied. The failure to

2

file specific objections to a magistrate judge's report also waives appellate review. *Smith*, 829 F.2d at 1373. Therefore I also decline to issue a certificate of appealability.

    So Ordered.


                                               s/ Jeffrey J. Helmick
                                               United States District Judge